# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DERRICK LA'QUAN SMITH, )
                                                     ) Case No. 2:09-cv-00806-PMP-PAL
           Plaintiff, )
                                                     ) **AMENDED REPORT OF FINDINGS**
vs. )   **AND RECOMMENDATION**
                                                   )
JOHN DOE, et al., )   (IFP App - Dkt. #4)
                                                   )
           Defendants. )

This matter is before the court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #4). Plaintiff filed an initial application, which the court denied without prejudice, and directed Plaintiff to file the correct application form. Plaintiff complied.

**I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, Plaintiff shall be required to make payments of 20% of the preceding month's deposits to the prisoner's account (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

The Complaint was filed pursuant to 42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual capacities.  Hafer v. Melo, 502 U.S. 21, 26 (1991).

Here, Plaintiff alleges Defendants violated his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights, and he asserts state law claims for wrongful arrest, negligence, causing mental and emotional distress, abuse of process, and malicious prosecution.  Specifically, Plaintiff alleges that: (a) John Doe #1, a Las Vegas Metropolitan Police Officer, and John Doe #2, a security guard at the Seigel Suites in Las Vegas, Nevada, violated his Fourth Amendment rights by falsely arresting him for trespass on November 21, 2008 at the Seigel Suites; (b) John Doe #1 violated his Fifth and Eighth Amendment rights; (c) the United States of America is liable to him under the Federal Tort Claims Act, 28 U.S.C. § 1346; and (d) the State of Nevada is liable for violating his Sixth Amendment right to a jury trial.

///

1    All of Plaintiff's claims arise out of his arrest and conviction for misdemeanor trespass in
2 Nevada state court.  Plaintiff alleges that a "stay away" order was issued by Judge Nancy Osterle in
3 Nevada state court on November 13, 2010.  He informed Judge Osterle that family members still lived
4 at the Seigel Suites and that he had personal belongings and valuables there.  On November 21, 2008,
5 Plaintiff's fiancée was removing his personal belongings from the Seigel Suites.  He alleges he was
6 never present at the Seigel Suites, and he was arrested attempting to enter the crosswalk at the corner of
7 Nellis Avenue and Craig Road.  He told the arresting officer, John Doe #1, that he had not been caught
8 on the property or warned, but Plaintiff was arrested anyway.  Prior to his arrest, Plaintiff states he was
9 approached at a nearby bus stop by John Doe #2, a security guard at the Seigel Suites and was warned
10 that John Doe #2 had called the police.  Plaintiff's claim against John Doe #2 must be dismissed
11 because Plaintiff has not alleged that the security guard, employed by a private company, is a state actor
12 or acted under color of state law, nor has Plaintiff alleged John Doe #2 detained him or engaged in any
13 conduct other than telling Plaintiff he called the police.
14    Plaintiff also names the United States of America under the Federal Tort Claims Act, 28 U.S.C.
15 § 1346.  In order to prove a FTCA violation, Plaintiff must make a claim for money damages

> for injury or loss of property, or <u>personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment</u>, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added).  Before suing the government under the FTCA, "the claimant
20 shall have first presented the claim to the appropriate Federal agency and his claim shall have been
21 finally denied by the agency."  28 U.S.C. § 2675(a).  Plaintiff has not stated any facts in his Complaint
22 which would support a claim against the United States.   Therefore, Plaintiff's claims against the United
23 States will be dismissed.
24    Plaintiff also alleges the State of Nevada is liable for violating his Sixth Amendment right to a
25 jury trial.  He asserts that he was never given a hearing on the trespassing charge, although later, he
26 states that he was picked up on a bench warrant for failing to appear at an evidentiary/contempt hearing
27 related to his violation of the "stay away" order.  Plaintiff alleges he appeared in court and accepted a
28 plea negotiation even though "any jury of trier of fact would have found plaintiff innocent of trespass."

3

Complaint at 12. Plaintiff states he "reluctantly chose the lighter sentence." Id. By accepting a plea negotiation, Plaintiff waived his right to have a full hearing on the trespassing charge. Moreover, Plaintiff cannot sue the State of Nevada. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state....[T]he Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens." Brooks v. Sulpher Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). The Eleventh Amendment bars suits where the state itself is named as a defendant. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). For both of these reasons, Plaintiff's claims against the State of Nevada will be dismissed.

Plaintiff's remaining claims, including all of his claims against John Doe #1, must be dismissed because he is attempting to collaterally attack his state court convictions in this civil suit. It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. See, e.g., Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination. or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 484 (1994) (stating "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions"). Heck is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Id. at 484. Here, it does not appear Plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question. Therefore, Plaintiff's Complaint must be dismissed.

With regard to Plaintiff's state law claims, the Complaint must still be dismissed under Heck. Courts have held that when state law claims are based on the same premise as constitutional claims under § 1983, Heck also bars relief on such claims. Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000) (stating "based on Heck, an excessive force claim under section 1983 is barred as a matter of law

4

if brought by an individual convicted of aggravated assault related to the same events"). Here, Plaintiff's state law claims arise out of the same facts as his federal claims, and are, therefore, barred by Heck.

### III. Plaintiff's Motion for Discovery (Dkt. #5).

Because the court has found that Plaintiff's Complaint fails to state claim upon which relief can be granted, Plaintiff's Motion for Discovery (Dkt. #5) is denied.

### IV. Plaintiff's Motion to Appoint Counsel (Dkt. #7).

Plaintiff's Motion for Appointment of Counsel (Dkt. #7) asserts he is financially unable to retain counsel, that the issues presented by this case are complex, and that his imprisonment will hinder his ability to prosecute this case. Plaintiff also asserts he has only a limited knowledge of the law.

In civil cases the district court may only appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent such litigants, but only to request such representation on a *pro bono* basis. See Mallard v. United States Dist. Ct., 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). Appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982). Although the court appreciates that almost every inmate would benefit from the appointment of counsel, Plaintiff has not established the existence of exceptional circumstances which warrant appointment of counsel.

Accordingly,

**IT IS ORDERED** that:

1. The Clerk of the Court shall file the Complaint.
2. Plaintiff's motion for leave to proceed *in forma pauperis* without having to prepay the full filing fee is **GRANTED**; Plaintiff shall NOT be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs

///

or the giving of security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, twenty percent of the preceding month's deposits to the prisoner's account  (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  If Plaintiff should be transferred and come under the care of the Nevada Department of Prisons, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account.  The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

4. Plaintiff's Motion for Discovery (Dkt. #5) is DENIED.

5. Plaintiff's Motion for Appointment of Counsel (Dkt. #7) is DENIED.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Dated this 12th day of April, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE